[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 28, 2010
JOHN LEY
CLERK

No. 09-12619
Non-Argument Calendar
_____

D. C. Docket Nos. 09-00129-CV-OC-10-GRJ
07-00049-CR-OC

ARNULFO CRUZ BENITEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2010)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Arnulfo Benitez appeals pro se the denial of his motion to vacate his

sentence for conspiring to possess marijuana and cocaine and possessing with intent to distribute 100 kilograms or more of marijuana. 28 U.S.C. § 2255; 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vii). We granted a certificate of appealability to address whether the district court erred by ruling, without an evidentiary hearing, that Benitez knowingly and voluntarily waived his right to appeal after he allegedly instructed his attorney to file a notice of appeal. We reverse the judgment of the district court and remand for further proceedings.

In January 2008, Benitez entered pleas of guilt to charges of conspiracy to possess and possession of marijuana. During the change of plea hearing, Benitez stated through an interpreter that he had completed six years of school in Mexico, he could read and write in Spanish a "little," and he did not "understand very much" of the English language. After Benitez waived his right to a trial by jury and the prosecutor provided a factual basis for the pleas, the district court accepted Benitez's pleas of guilt. The district court later sentenced Benitez to 70 months of imprisonment, and the district court told Benitez that he could appeal the judgment.

In May 2008, the United States Marshal served Benitez an order of the district court, which stated in English that Benitez had seven days in which to "file a declaration" stating either that he had waived his right to appeal or that "the election not to file a notice of appeal was his . . . informed and voluntary choice."

2

The order stated that the "[f]ailure to respond" would be "deemed by the Court to be an acknowledgement" that Benitez had declined to appeal. Benitez did not respond to the order.

In March 2009, Benitez moved to vacate his sentence on the ground that his trial counsel had been ineffective for failing to file a notice of appeal. In support of his motion, Benitez filed an affidavit stating that he had requested that his counsel "appeal the sentence"; his counsel had agreed to "put an appeal"; his counsel sent him a "letter and a paper to fill out for the appeal"; he "believed [he] had an appeal pending for a sentence reduction"; and he did not learn until after the deadline to appeal had expired that counsel had not filed a notice of appeal.

The district court denied Benitez's motion sua sponte. The district court ruled that Benitez "waived his right of appeal" by failing to respond to the order to file a declaration. The district court did not conduct an evidentiary hearing to address Benitez's argument that his trial counsel acted ineffectively by failing to file a notice of appeal.

The district court erred when it determined that Benitez had waived his right to appeal by failing to respond to the order to file a declaration. The right to appeal is a statutory right that may be waived, but the waiver must be knowing and voluntary. United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993).

3

"[F]or a waiver to be [made knowingly], it must be informed." Id. at 1350 n.16. Benitez did not execute a written waiver of his right to appeal nor did the district court ever discuss with Benitez his right to appeal. See id. at 1351.

The government concedes that Benitez's failure to respond to the order to file a declaration was "ambiguous." Benitez had only a rudimentary education in his native language, he was unfamiliar with the English language, and he required the assistance of an interpreter at the change of plea hearing and at sentencing. Benitez did not knowingly and voluntarily waive his right to appeal when he failed to respond to the order of the district court.

We **REVERSE** the judgment of the district court that Benitez knowingly and voluntarily waived his right to appeal, and we **REMAND** for further proceedings.

**REVERSED AND REMANDED.**